IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Gerald M.
SCHWARTZ, Attorney at Law.

Supreme Court

*No. 85–1693-D. Submitted on briefs October 29, 1986.—Decided
December 12, 1986.*

(Also reported in 397 N.W.2d 98.)

For the appellant, Board of Attorneys Professional
Responsibility, there were briefs by *Randal N. Arnold*,
deputy administrator.

For the respondent, Gerald M. Schwartz, there was a brief by *Daniel R. Doucette, Patrick F. Koenen, Kluwin, Dunphy and Hankin,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The Board of Attorneys Professional Responsibility (Board) appealed from the recommendation of the referee that, as discipline for his admitted misconduct, the respondent, Gerald M. Schwartz, continue psychiatric treatment and submit periodic reports to the Board concerning that treatment. The misconduct concerned Attorney Schwartz's representation of a client with a personal injury claim and included his failure to advise the client of the date set for trial of the matter, his failure to meet with the client prior to the trial to prepare his testimony, his misrepresentations to the court that his client could not be present on the scheduled trial date because he was on vacation, his appearance at trial without his client and repeated misrepresentations to the court that the client was unable to attend because he was on vacation, his acceptance of an offer of settlement in the matter without first communicating the offer to his client and absent specific client authorization to settle for the amount offered, his misrepresentations to the defendant's attorney that a stipulation, order for dismissal and general release had been executed and placed in the mail, his placing what purported to be the signatures of the client and a witness on the stipulation and release without the knowledge or permission of the client or the witness, and his failure to notify the client of the receipt of the settlement check and to promptly disburse the proceeds to the client. Because Attorney Schwartz's conduct violated his pro-

fessional duty not only to his client but also to the court in which the action was pending and because his intentional violation of those duties created a risk of substantial loss on the part of his client, we conclude that the referee's recommendation for discipline is insufficient. We determine that the misconduct warrants the suspension of Attorney Schwartz's license to practice law for a period of 90 days.

Attorney Schwartz was admitted to practice law in Wisconsin in 1979 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable John A. Fiorenza, reserve judge.

The parties stipulated to the facts concerning Attorney Schwartz's conduct in the representation of his personal injury client. The parties also stipulated that Attorney Schwartz cooperated with the Board in its investigation of this matter and submitted to an independent psychiatric examination at the Board's request. In addition, the record disclosed that a motion by successor counsel to reopen the personal injury action was granted, and Attorney Schwartz's former client proceeded on his claim. By stipulation, the parties agreed that Attorney Schwartz's conduct constituted neglect of a legal matter, in violation of SCR 20.32(3), involved dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), constituted his failure to seek a client's lawful objectives and was prejudicial or damaging to the client, in violation of SCR 20.35(1)(a) and (c), and constituted a failure to promptly notify a client of receipt of client funds and failure to deliver client funds to the client, in violation of SCR 20.50(2)(a) and (d).

Attorney Schwartz claimed his misconduct was caused by a medical condition. He argued that a finding by the referee to this effect was implicit from the discipline the referee recommended for that misconduct, namely, the imposition of conditions on his continued practice of law consisting of continued treatment for that condition and periodic reports thereof to the Board. To support his position, Attorney Schwartz relied on the medical testimony at the disciplinary hearing which established that his conduct in the personal injury matter was consistent with panic disorder, that his illness "affected" his behavior, that the illness was "very strongly related" to his acts of omission, and that the condition "impaired" his ability to practice law.

However, the referee made no explicit finding on the causation issue. The only reference to Attorney Schwartz's medical condition in the referee's report is the following:

> "The two psychiatrists in the case have testified that the Respondent was suffering from a panic disorder and further that the Respondent's behavior was impaired by the panic disorder. The Respondent would have us accept the medical testimony as indication that the Respondent could not control his own actions while he was having a panic disorder. The medical evidence does not clearly substantiate this position."

The Board argued that the referee, by recommending continued treatment as a condition on Attorney Schwartz's continued practice of law, had considered the medical condition as a mitigating factor in determining appropriate discipline. The Board contended that such consideration was improper, as the referee made no explicit finding of a causal connection

21

between the misconduct and the medical condition and specifically found that the evidence failed to clearly substantiate that Attorney Schwartz could not control his actions while suffering a panic disorder.

■

Whether or not the referee did so, we agree that Attorney Schwartz's medical condition could not properly be considered a mitigating factor. A medical condition will not be considered a mitigation of discipline unless that condition is explicitly found to have caused the misconduct. *Disciplinary Proceedings Against Wood,* 122 Wis. 2d 610, 363 N.W. 2d 220 (1985). Absent an explicit finding by the referee on the causation issue, the court "will not make a finding that the referee could have made on the evidence before him but did not." *Id.,* 616.

While we adopt the referee's findings of fact and conclusions of law, we do not accept his recommendation for discipline. Attorney Schwartz knowingly failed to represent his client on a personal injury claim, made misrepresentations to the court in which his client's action was pending, and settled the claim without his client's knowledge and consent. In addition, he signed his client's name and the name of a "witness" to a stipulation and release and failed to notify the client of his receipt of settlement funds amounting to $5,500 for five months. Such misconduct is serious and warrants a suspension of Attorney Schwartz's license to practice law.

■

Taking into consideration those mitigating factors acknowledged by the Board, namely, that there was no monetary loss to the client, there was no evidence that Attorney Schwartz attempted or expected to obtain any personal gain as a result of his conduct, and that Attor-

ney Schwartz cooperated completely in the investigation of this matter and had no previous history of misconduct, we determine that a 90-day suspension of Attorney Schwartz's license to practice law is appropriate discipline. We further determine that Attorney Schwartz should pay the costs of this proceeding. Also, we are persuaded that Attorney Schwartz should be required to continue with psychiatric treatment for his condition and submit periodic reports of that treatment to the Board.

IT IS ORDERED that the license of Gerald M. Schwartz to practice law in Wisconsin is suspended for a period of 90 days, commencing January 19, 1987.

IT IS FURTHER ORDERED that within 120 days of the date of this order Gerald M. Schwartz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Gerald M. Schwartz to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that, commencing the date of this order, Gerald M. Schwartz obtain psychiatric treatment for the medical condition at issue in this proceeding for a period of two years or until earlier discharged from such treatment by his psychiatrist and that he cause to be submitted to the Board of Attorneys Professional Responsibility quarterly reports of that treatment.

IT IS FURTHER ORDERED that Gerald M. Schwartz comply with the provisions of SCR 22.26 con-

cerning the duties of a person whose license to practice law in Wisconsin has been suspended.