IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Gerald M. SCHWARTZ, Attorney at Law.

Supreme Court

*No. 94–2565–D. Filed June 2, 1995.*

(Also reported in 532 N.W.2d 450.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Gerald M. Schwartz to practice law in Wisconsin be suspended for 18 months as discipline for professional misconduct. Attorney Schwartz failed to pursue a client matter with reasonable diligence and promptness, failed to communicate with his clients regarding the matter, provide an accounting of his work and refund the unearned portion of his retainer and did not take appropriate steps to protect the clients' interests upon terminating his representation. In another matter, he failed to appear on his client's behalf in an action, respond to letters from opposing counsel and notify his client, opposing counsel and the court of his administrative suspension from the practice of law for failure to comply with continuing legal education requirements and promptly withdraw from the client's representation. In addition, he continued to practice law while suspended, failed to respond to numerous inquiries from the Board of Attorneys Professional Responsibility (Board) and the district committee investigating his conduct and made false statements of material fact in the course of that investigation.

We determine that the recommended license suspension is appropriate discipline to impose for Attorney Schwartz's misconduct. By that misconduct, Attorney Schwartz has continued the pattern of neglecting client legal matters and failing to keep his clients informed of the status of those matters that was established in two prior disciplinary proceedings. In

addition to that neglect, he has flouted the court's rules requiring attorneys to pursue continuing legal education and the process by which allegations of attorney misconduct are investigated.

Attorney Schwartz was admitted to practice law in Wisconsin in 1979 and practiced in the Milwaukee area. In 1987, the court suspended his license to practice law for 90 days for misconduct in his representation of a client in a personal injury action, which included his neglect of the matter, misrepresentations to the court concerning the client's availability for trial, purporting to settle the matter without his client's consent by documents on which he signed his client's name and failure to notify the client of his receipt of settlement funds and promptly disburse them to the client. *Disciplinary Proceedings Against Schwartz,* 134 Wis. 2d 18, 397 N.W.2d 98 (1986). In 1993, the court suspended his license for 60 days as discipline for failing to act with reasonable diligence and keep clients advised in a personal injury action, acting contrary to their explicit direction in concluding settlement of their claim and failing to promptly deliver their file to successor counsel. *Disciplinary Proceedings Against Schwartz,* 174 Wis. 2d 312, 496 N.W.2d 605 (1993). Attorney Schwartz remains ineligible to practice law by virtue of his continued failure to comply with continuing legal education requirements and the 1993 disciplinary license suspension, from which he has not sought reinstatement, remains in effect.

The referee, Attorney Jean DiMotto, made findings of fact consistent with the parties' stipulation and Attorney Schwartz's no contest plea to the allegations of the Board's complaint. In the first matter considered, members of a partnership retained Attorney

159

Schwartz in September, 1989 to represent them on claims in a bankruptcy totaling $165,000, for which they paid him a retainer of approximately $4,500. Attorney Schwartz did not file a memorandum with the court until minutes before the hearing on the trustee's objection to his clients' claims. The bankruptcy court disallowed the clients' claims and immediately following the hearing, one of the clients talked with Attorney Schwartz about filing an adversary proceeding. Attorney Schwartz said he would file that proceeding after the transcript of the hearing was available but he did no further work in the matter.

Commencing October, 1989, one of the clients called Attorney Schwartz several times and on the few occasions when his calls were returned, Attorney Schwartz told him he was still awaiting the transcript. Additional calls from the client between February and July, 1990 received no response but Attorney Schwartz did return the client's October 29, 1990 call but that was the last contact the client had from him. On December 2, 1991, one of the clients wrote to him requesting the return of the balance of the retainer and an accounting of any charges that had been made against it. Attorney Schwartz did not reply to that letter or to subsequent letters making the same request.

The Board notified Attorney Schwartz in June, 1992 of the grievance his clients had filed and requested a response. Attorney Schwartz did not respond to that letter or to a subsequent certified letter requesting a response to the grievance. When he ultimately told the Board he had not received its earlier letter and was granted an extension to respond, he did not file a response. He did, however, appear at the Board's office, as he had been required to do, but he did not produce the complete client file requested and was

160

unable to produce any time records or otherwise establish the work he had done in the matter. The Board referred the matter to the district professional responsibility committee for further investigation but Attorney Schwartz did not respond to numerous letters and telephone calls from the committee's investigator.

The referee concluded that Attorney Schwartz's failure to initiate an adversary proceeding or take further action in the representation of his clients constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3.[1] The referee further concluded that his failure to communicate with his clients when he stopped working on their legal matter or no longer was able to do so because of his administrative suspension from practice on June 2, 1992 and his failure to account to them for the retainer and refund the unearned portion of it constituted a failure to take steps reasonably practicable to protect the client's interests upon termination of representation, in violation of SCR 20:1.16(d).[2] In addition, his failure over a period of more than two years to respond to inquiries from the Board and from the district com-

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**
. . .
(d)   Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

161

mittee, notwithstanding requesting and receiving extensions of time to do so, violated SCR 21.03(4)[3] and 22.07(2) and (3).[4]

In a second matter, Attorney Schwartz was retained in March, 1992 to represent a client in a matter involving personal injury he had caused, as well as in a pending civil action and a pending criminal action. In the first of those matters, the client gave him a retainer of approximately $350. Attorney Schwartz spoke with the attorney for the claimant concerning possible settlement but did not reply to his subsequent settlement demand and request to discuss it. Attorney

---

[3] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

Schwartz also did not respond to subsequent letters from the attorney, one of which threatened legal action if he did not respond.

While settlement of this matter was being pursued, Attorney Schwartz was suspended from practice for failure to comply with continuing legal education requirements. He did not notify either the claimant's attorney or his client of that suspension or that he was required to withdraw from the client's representation in any pending matter. Moreover, Attorney Schwartz did not notify the court in which the client's two actions were pending that he had been suspended from practice but appeared in one of those actions on two occasions following the suspension.

When an action was commenced in the personal injury matter in December, 1992, Attorney Schwartz did not file an answer or otherwise respond on his client's behalf, as a result of which a default judgment in excess of $10,000 was entered against the client. The client obtained other counsel, who succeeded in having the judgment vacated and the case reopened. Attorney Schwartz did not respond to several letters from the Board informing him of his client's grievance in this matter and when he ultimately appeared before the Board at an investigative meeting, he did not bring with him the material he was instructed to produce.

The referee concluded that in this matter Attorney Schwartz's failure to respond to letters from opposing counsel in his client's matter, appear on his client's behalf and file an answer in the action or otherwise act on his client's behalf prior to his suspension from practice constituted a failure to act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3. Further, his failure to notify his client, opposing counsel and the court of his suspen-

163

sion from practice and withdraw from the client's representation violated SCR 20:1.16(a)(1),[5] his court appearances on behalf of the client following that suspension violated SCR 22.26(2),[6] and his repeated failure to respond to Board inquiries and produce requested documents concerning the client's grievance violated SCR 21.03(4) and 22.07(2) and (3).

During the Board's investigation of Attorney Schwartz's continued practice of law following his suspension, Attorney Schwartz did not reply to four letters from the Board requesting a response. When he did appear before the Board staff, he did not bring with him any of the requested information regarding his continued practice but asserted attorney-client privilege and his Fifth Amendment rights. During a subsequent meeting, he stated under oath that toward the end of 1991 or early 1992 he had filed a petition with the Board of Bar Examiners seeking an extension of time to comply with the continuing legal education requirements. That Board of Bar Examiners had no record of any request for extension and Attorney

---

[5] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**

(a)  Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1)  the representation will result in violation of the Rules of Professional Conduct or other law;

[6] SCR 22.26 provides, in pertinent part:

**Activities on revocation or suspension of license.**

. . .

(2)  A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

Schwartz was unable to produce a copy of it. While he also stated under oath that he had not received notices from the Board of Bar Examiners concerning his lack of compliance and resulting suspension, when questioned about the matter some 18 months later, he invoked the Fifth Amendment regarding his receipt of notices from the Board and asserted attorney-client privilege in respect to whether the attorney who represented him in the 1993 disciplinary proceeding had informed him of the suspension.

The referee concluded that Attorney Schwartz's failure to respond to inquiries from the Board in respect to his continued practice of law violated SCR 21.03(4) and 22.07(2) and (3) and that by his statements under oath that he had not received notices from the Board of Bar Examiners and that he had filed a request for extension of time to comply with the rules, Attorney Schwartz knowingly made false statements of material fact in connection with the disciplinary matter, in violation of SCR 20:8.1(a).[7]

As discipline for his misconduct established in this proceeding, the referee recommended that Attorney Schwartz's license to practice law be suspended for 18 months. The referee further recommended that the court require Attorney Schwartz to refund the unearned portion of the retainer he received in the bankruptcy matter and, as that amount has not been established, that he be required to furnish the Board of Attorneys Professional Responsibility an accounting of

---

[7] SCR 20:8.1 provides, in pertinent part:

**Bar admission and disciplinary matters.**

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matters, shall not:

(a)  knowingly make a false statement of material fact;

the work he did in the matter so that the Board may determine the amount to be refunded. In addition, the referee recommended that Attorney Schwartz be required to refund $300 to the client in the personal injury matter as the unearned portion of the retainer he had been paid.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended license suspension is appropriate discipline to impose for Attorney Schwartz's professional misconduct. As the referee noted, much of that misconduct occurred during the time Attorney Schwartz was actively litigating the second of his prior disciplinary proceedings, one that involved misconduct of a similar nature.

IT IS ORDERED that the license of Gerald M. Schwartz to practice law in Wisconsin is suspended for a period of 18 months, commencing the date of this order, as discipline for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Gerald M. Schwartz make the restitution and furnish the Board of Attorneys Professional Responsibility the accounting recommended by the referee.

IT IS FURTHER ORDERED that within 60 days of the date of this order Gerald M. Schwartz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Gerald M. Schwartz to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Gerald M. Schwartz comply with the provisions of SCR 22.26 concerning

the duties of a person whose license to practice law in Wisconsin has been suspended.