IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Gerald M. SCHWARTZ, Attorney at Law:

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY
n/k/a Office of Lawyer Regulation, Complainant,

v.

Gerald M. SCHWARTZ, Respondent.

Supreme Court

*Nos. 1991AP21–D, 1994AP2565–D. Decided November 23, 2005.*

2005 WI 158

(Also reported in 705 N.W.2d 897.)

¶ 1. PER CURIAM.   We review the recommendation of the referee that Gerald M. Schwartz's license to practice law in Wisconsin be reinstated upon certain conditions. We adopt the referee's findings of fact and conclusions of law and agree with his recommendation that Gerald M. Schwartz's license to practice law be reinstated. We also agree with the referee that it is appropriate to impose certain conditions upon the reinstatement. In addition, we find it appropriate that At-

torney Schwartz pay the costs of the reinstatement proceeding. *See In re Disciplinary Proceedings Against Penn,* 2002 WI 5, 249 Wis. 2d 667, 638 N.W.2d 287.

¶ 2.    Attorney Schwartz was admitted to practice law in Wisconsin in 1979. In 1986 the Wisconsin Supreme Court suspended his license to practice law for 90 days for misconduct committed in the course of his representation of a client in a personal injury action. *In re Disciplinary Proceedings Against Schwartz,* 134 Wis. 2d 18, 397 N.W.2d 98 (1986). In 1992 Attorney Schwartz was administratively suspended for failure to comply with Board of Bar Examiners (BBE) continuing legal education requirements. In 1993 this court suspended his license for 60 days as discipline for misconduct in another personal injury action. *In re Disciplinary Proceedings Against Schwartz,* 174 Wis. 2d 312, 496 N.W.2d 605 (1993). In 1995 Attorney Schwartz's license to practice law in Wisconsin was suspended for 18 months, again for professional misconduct. *In re Disciplinary Proceedings Against Schwartz,* 193 Wis. 2d 157, 532 N.W.2d 450 (1995). Generally, Attorney Schwartz's misconduct consisted of various forms of neglect of his clients and client matters.

¶ 3.    Attorney Schwartz petitioned for reinstatement of his license to practice law in November 2004. Following a hearing in May 2005 the referee issued a report recommending that the petition for reinstatement be granted, with conditions. The Office of Lawyer Regulation (OLR) supports reinstatement upon conditions and no appeal from this recommendation was filed.

¶ 4.   SCR 22.31(1)[1] provides the standard to be met for reinstatement. A petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that he or she has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4)[2] states related requirements that a peti-

[1] SCR 22.31(1) provides that the petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to ([4]m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[2] SCR 22.29(4) provides that the petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

247

tion for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

■

¶ 5. Here, the referee concluded that Attorney Schwartz met all of the criteria for reinstatement and met his burden of demonstrating that his license to practice law in Wisconsin should be reinstated, subject to certain conditions relating to a medical condition for which he is receiving treatment. We have reviewed the record and agree with this conclusion and recommendation.

¶ 6. Attorney Schwartz's physician testified that it is his medical opinion that Attorney Schwartz's reinstatement poses no danger to the public and would

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

not be detrimental to the public interest. He indicated that he is available to provide periodic reports to the OLR concerning Attorney Schwartz's medical condition. He further testified that Attorney Schwartz is remorseful for his prior actions.

¶ 7.   The referee found that Attorney Schwartz has made restitution to all persons injured or harmed by his misconduct in accordance with orders of the court. He has settled and satisfied all costs of the disciplinary proceedings brought against him, and has maintained competence and learning by attendance at 91 hours of BBE-approved continuing legal education programming, including 15 hours of EPR ethics credits, since May 5, 2004. The BBE supports his reinstatement.

¶ 8.   Attorney Schwartz indicates that he intends to practice in the area of landlord-tenant rights, employment law and general business law upon reinstatement of his license to practice law. He testified that he would not practice as a sole practitioner if he were reinstated.

¶ 9.   Attorney Schwartz produced witnesses who also testified in support of his character, describing him as "honest, reliable, and professional."

¶ 10.   Following the hearing, the referee concluded that Attorney Schwartz had demonstrated by clear, satisfactory, and convincing evidence the requirements for reinstatement set forth in SCR 22.29(4). Specifically, he found that:

> 1.   [Attorney Schwartz] has the moral character to practice law in Wisconsin.
>
> 2.   His resumption of [the] practice of law will not

be detrimental to the administration of justice or subversive [] of the public interest.

3. His representations in the Petition for Reinstatement, including representations required by SCR 22.29(4)(a) to ([4]m) and 22.29(5) are substantiated.

4. He has complied with the terms of the orders of suspension and with the requirements of SCR 22.26.

¶ 11. After an independent review of the record we conclude that Attorney Schwartz has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law. We agree with the referee's recommendation that Attorney Schwartz's license to practice law in Wisconsin be reinstated, subject to the conditions imposed herein, requiring him to submit annual medical reports to the OLR for a period of two years. We conclude that these reports should be sufficient to enable the OLR to monitor Attorney Schwartz's practice of law in the unlikely event that a recurrence of his medical condition occurs. Finally, we direct Attorney Schwartz to pay the costs of this reinstatement proceeding, which presently total $3688.13.

¶ 12. IT IS ORDERED that the petition for reinstatement of the license of Gerald M. Schwartz to practice law in Wisconsin is granted, effective the date of this order.

¶ 13. IT IS FURTHER ORDERED that as a condition of reinstatement, for a period of two years following his reinstatement Gerald M. Schwartz shall submit annual medical reports to the Office of Lawyer Regulation.

¶ 14.   IT IS FURTHER ORDERED that within 60 days of the date of this order Gerald M. Schwartz shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time the license of Gerald M. Schwartz to practice law in Wisconsin shall be suspended until further order of the court.