IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Darryl E. SMITH, Attorney at Law.

Supreme Court

*No. 93–3359–D. Filed May 25, 1994.*

(Also reported in 515 N.W.2d 711.)

PER CURIAM.    *Attorney disciplinary proceeding; attorney's license suspended, conditions imposed.*

We review the recommendation of the referee that the license of Attorney Darryl E. Smith to practice law in Wisconsin be suspended for three months as discipline for his use of illegal drugs over a five-year period,

which culminated in his criminal conviction in 1993 of three drug-related misdemeanors, for which he was fined and ordered to perform community service. In addition to the license suspension, the referee recommended that the court impose conditions on Attorney Smith's continued practice of law following his reinstatement from the license suspension related to his continued drug rehabilitation.

We determine that the recommended discipline and conditions on continued practice constitute the appropriate disposition of this proceeding. Attorney Smith's drug use constituted criminal conduct, the seriousness of which is aggravated by the fact that, since his admission to the practice of law in Wisconsin in 1987, he has served as attorney in the trial division of the office of the State Public Defender, where he represented numerous clients charged with the illegal possession and use of drugs. Countervailing mitigating factors render a three-month license suspension appropriate discipline for Attorney Smith's professional misconduct.

Following a disciplinary hearing, the referee, Attorney Jean DiMotto, made the following findings of fact. During the five-year period from September, 1987 through September, 1992, Attorney Smith regularly smoked marijuana. Shortly after commencing employment as staff attorney in the State Public Defender's office, he began using cocaine and beginning in 1990 that use intensified such that, over the five-year period, he had used cocaine some 200 times.

The referee found that, although his use of drugs occurred in non-public places, mostly at his own and others' private residences, Attorney Smith used drugs with other attorneys employed in the Public Defender's office, as well as with other attorneys and with persons

who were not attorneys but knew he was an attorney and, for the most part, were aware that he was a public defender. Moreover, the dealers from whom he obtained the drugs knew he was an attorney. Attorney Smith never used drugs with minors or with clients, nor did he obtain drugs from clients. There was no evidence that his drug use interfered with his competent practice of law or that any of his clients was harmed by it.

In September, 1992, shortly after a drug-related search warrant was executed on his home, Attorney Smith voluntarily entered outpatient treatment with a certified drug and alcohol counselor and, since that time, has engaged in substantial treatment efforts, all of which have indicated that he has been drug free and sober since September 18, 1992. Further, Attorney Smith has demonstrated substantial and genuine remorse for his drug abuse.

On those facts, the referee concluded that Attorney Smith's five-year pattern of drug abuse comprised criminal acts adversely reflecting on his honesty, trustworthiness and fitness as a lawyer, in violation of SCR 20:8.4(b).[1] As discipline for that misconduct, the referee recommended that the court suspend Attorney Smith's license to practice law for three months and, for one year following his reinstatement from that suspension, require him to submit to random periodic screening for controlled substances, as directed by the

---

[1] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects,

Board of Attorneys Professional Responsibility, with test reports furnished to the Board upon its request, and that he participate in weekly outpatient programs, with his attendance verified to the Board at its request.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended discipline and imposition of conditions on continued practice are warranted.

IT IS ORDERED that the license of Darryl E. Smith to practice law in Wisconsin is suspended for a period of three months, commencing July 5, 1994.

IT IS FURTHER ORDERED that, commencing the date of his license reinstatement from that suspension and for one year thereafter, Attorney Darryl E. Smith shall comply with the conditions set forth in this opinion.

IT IS FURTHER ORDERED that within 60 days of the date of this order Darryl E. Smith pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Darryl E. Smith to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Darryl E. Smith comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.