IN the MATTÉR OF DISCIPLINARY PROCEEDINGS AGAINST
Gene B. RADCLIFFE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Gene B. RADCLIFFE, Respondent.

Supreme Court

*No. 2008AP1791–D. Decided December 23, 2008.*

2008 WI 128

(Also reported in 758 N.W.2d 922.)

¶ 1. PER CURIAM. We review the stipulation filed pursuant to SCR 22.12[1] by the Office of Lawyer Regulation (OLR) and Attorney Gene B. Radcliffe. Attorney Radcliffe admits the misconduct alleged by the OLR and agrees to a 90-day suspension of his license to practice law in Wisconsin.

¶ 2. We adopt the stipulated facts and conclusions of law. We agree that Attorney Radcliffe's misconduct warrants the suspension of his license to practice law in Wisconsin for a period of 90 days. The OLR has stated that it does not seek to impose the costs of this proceeding upon Attorney Radcliffe and we accept that recommendation.

¶ 3. Attorney Radcliffe was admitted to the practice of law in Wisconsin in 1976. He received a private reprimand in 1981.

¶ 4. On July 22, 2008, the OLR filed a complaint against Attorney Radcliffe alleging one count of committing criminal conduct that reflected adversely on his honesty, trustworthiness or fitness as a lawyer in violation of SCR 20:8.4(b).[2] The criminal conduct at issue involved two separate incidents in Illinois and Wiscon-

---

[1] SCR 22.12(2) provides that if the court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. SCR 22.12(3) provides that if the court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

[2] SCR 20:8.4(b) states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

2

sin. Illinois police conducted a search of Attorney Radcliffe's vehicle and discovered marijuana, drug paraphernalia, and hydroponics supplies. Illinois authorities then contacted Wisconsin authorities who obtained a warrant to search Attorney Radcliffe's Wisconsin home. The Clark County, Wisconsin, sheriff's department discovered marijuana plants and supplies used to grow marijuana. On September 27, 2007, Attorney Radcliffe pled guilty in the Clark County circuit court case to one count of manufacturing a controlled substance, a Class H felony. Two related misdemeanor charges were dismissed on motion of the prosecutor.

¶ 5. At sentencing on December 19, 2007, Attorney Radcliffe expressed remorse for the hurt and damage he caused his family, friends, the community, and the legal profession. Attorney Radcliffe was sentenced to time served (28 days), three years probation with the possibility of early discharge, and 100 hours of community service. The court imposed other conditions as well, including suspension of his driver's license, drug treatment, and psychological counseling.

¶ 6. The stipulation, together with a memorandum in support of the stipulation, was filed with the court on August 14, 2008.

¶ 7. The memorandum provides that the parties did not engage in plea bargaining and that Attorney Radcliffe voluntarily stipulated to the charged misconduct, and that the parties agreed a 90–day suspension was appropriate discipline for the misconduct.

¶ 8. The memorandum discusses the proposed length of suspension in considerable detail, noting that attorney misconduct cases involving drugs have resulted in a wide array of dispositions. The memorandum cites cases imposing sanctions ranging from a private reprimand to suspensions of two years. *See e.g.,*

*In re Disciplinary Proceedings Against Penn,* 201 Wis. 2d 405, 548 N.W.2d 526 (1996). The stipulation explains that the precedent established by a case in which an attorney received a 90–day suspension represented the most appropriate result for OLR to seek in the instant matter. *See In re Disciplinary Proceedings Against Smith,* 183 Wis. 2d 721, 515 N.W.2d 711 (1994). The OLR noted that it considered the prior discipline —albeit remote in time—as an aggravating factor, as well as the fact there was more than a single event. The OLR also noted that Attorney Radcliffe is well known in his community such that his misconduct "had the potential to cast the legal profession into considerable disrepute." However, the OLR emphasized the sanctions received in the criminal court, Attorney Radcliffe's "full cooperation" as well as his "deep regret and remorse, including his publicly apologizing for his behavior."

¶ 9. We adopt the stipulation and the stipulated facts and conclusions of law, and impose the stipulated discipline. We agree the seriousness of the misconduct warrants the suspension of Attorney Radcliffe's license to practice law for 90 days. In view of the stipulation, the OLR does not seek costs. Costs of this proceeding will not be imposed.

¶ 10. IT IS ORDERED that the license of Gene B. Radcliffe to practice law in Wisconsin is suspended for a period of 90 days, effective January 19, 2009.

¶ 11. IT IS FURTHER ORDERED that, to the extent he has not yet done so, Attorney Radcliffe comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.