**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 5, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2334-CR**

Cir. Ct. No. 2016CF59

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

TREVOR J. AHRENS,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Jefferson County: JENNIFER L. WESTON, Judge. *Affirmed*.

Before Blanchard, Graham and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Trevor Ahrens appeals a judgment of conviction. The dispositive issue is whether he forfeited his argument that the circuit court violated his right to a public trial by excluding his mother from the courtroom. We conclude that Ahrens forfeited the issue, and we affirm.

¶2    The circuit court excluded Ahrens' mother from the trial in response to a request by the State that was based on a telephone call between the mother and Ahrens in which the mother encouraged Ahrens to act during the trial in a way that could cause a mistrial.[1]  On appeal, Ahrens argues that her exclusion violated his Sixth Amendment right to a public trial.

¶3    The State responds in part that Ahrens forfeited this issue by not arguing against the State's request to exclude his mother.  When the court asked Ahrens' attorney what his position was on the State's request, the attorney responded:  "I have no position on the legal aspect of that, legal qualifications for that.  Mr. Ahrens has informed me he does not wish to have his mother excluded from the trial."

¶4    Later in the hearing, after the court initially granted the State's request, the State directed the court's attention more closely to applicable case law.  That case law provides a four-factor test of conditions that must be met to justify closure of a criminal trial.  *State v. Ndina*, 2009 WI 21, ¶56, 315 Wis. 2d

---

[1] We caution appellate counsel for the State about what appears to be a mischaracterization of the record.  The State's brief asserts that it was concerned about the telephone call between Ahrens and his mother because "the call showed" that she appeared to be directing him to claim a conflict of interest with his attorney, "but only if it appeared he was losing the trial."  In support of that assertion the State cites the summary of the call that was submitted to the circuit court by the State.  We do not see in that summary any material to support the assertion that his mother spoke about Ahrens acting only if it appeared that he was losing the trial.

653, 761 N.W.2d 612. The State led the court through those factors, and the court agreed that they had been met. Ahrens' attorney did not speak during that exchange.

¶5    In reply, Ahrens argues that the issue was not forfeited because the circuit court considered and applied the above legal test. We conclude that the issue was forfeited. Although it is true that the court applied that legal test, it did so without adversarial input from Ahrens. One policy supporting the forfeiture rule is that, by encouraging timely objections, it enables the circuit court to avoid or correct any error with minimal disruption of the process, and without an appeal. *See id.*, ¶30. If Ahrens had made in circuit court the arguments he now makes on appeal, the circuit court may have reached a different decision, or modified the exclusion in some way.

¶6    Ahrens further argues that the decision to apply the forfeiture rule is discretionary with this court, and that we should decide this issue even if Ahrens forfeited it. In furtherance of the policies behind the forfeiture rule, we decline to review the issue.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).